**Opinion issued October 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00879-CV

————————————

## HOUSTON DISTRIBUTING COMPANY, INC., Appellant

## V.

## LUCILE BENSON, Appellee

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2020-53497

## MEMORANDUM OPINION

This appeal arises from a suit for personal injury following a motor-vehicle collision. Lucile Benson sued Houston Distributing Company, Inc. ("HDC") and Francisco Ramirez for negligence and gross negligence, alleging that she was injured in a motor-vehicle collision involving an HDC truck driven by Ramirez. The jury

found HDC liable for negligent entrustment of a defective vehicle and found Ramirez not negligent. The jury awarded Benson a total of $300,000 in damages.

In its sole issue, HDC contends that the evidence is legally and factually insufficient to support the jury's negligence findings against it.

We reverse the trial court's judgment and render judgment that Benson take nothing against HDC on her negligence claim.

## Background

HDC delivers beer to clients throughout the Houston area using 14-wheeled trucks, one of which was Unit # K-43 driven by Francisco Ramirez on the day of the collision ("the truck"). Ramirez was an experienced HDC truck driver who had received safety training.

The Federal Motor Carrier Safety Act Regulations section 393.75(b) requires front tires of a truck to have tread of at least 4/32 of an inch. 49 C.F.R. § 393.75(b). HDC's maintenance department had an internal policy that front tires ("steer tires") should be replaced if less than 6/32 of an inch. HDC's initial inspection form states that if the tires fall below the federally mandated 4/32 of an inch, "bring to Supervisor's attention IMMEDIATELY."

Approximately three weeks before the incident, a technician noted that the truck's driver-side steer tire tread was 4/32 of an inch and needed to be replaced. One week later, the same technician performed two hours of maintenance on the

2

truck, which had 129 more miles on it, and did not mention any tire issue. HDC keeps maintenance records that reflect all work performed on the truck but did not have any record indicating that the tire was ever changed.

Approximately two weeks later, on the morning of the collision, Ramirez completed a pre-trip inspection on the truck, which included, among other things, checking the tires, and he concluded they were in good condition by measuring with his fingers. HDC had not provided Ramirez with a gauge or other tool to measure tire tread. Although it was clear outside, the roads were wet. Ramirez was on his dedicated route on Highway 6 when he was at a light[1] behind a black pick-up truck that was behind Benson's vehicle. He hit the brakes and steered his truck to the right to avoid a collision, but his truck skidded, and the front bumper of the driver side hit the pick-up truck, which was then pushed forward and hit Benson's vehicle.

Benson filed suit against Ramirez and HDC, asserting claims based on negligence and gross negligence. A non-unanimous jury found HDC was negligent because it entrusted to its driver a vehicle that it knew or should have known was defective. Because the verdict was not unanimous, the jury was instructed not to answer the gross negligence question for HDC. The jury did not find that Ramirez was negligent. The jury awarded Benson $300,000 in damages.

---

[1] It was disputed that Ramirez was at a red light and struck the pick-up truck while going through a green light when the traffic in front of him suddenly stopped, or whether he was approaching the red light and struck the pick-up truck.

HDC moved for a judgment notwithstanding the verdict, contending that the evidence was legally insufficient to support the jury findings that the truck was defective and that the defect proximately caused the collision. The trial court denied HDC's motion. After the trial court entered its final judgment, HDC moved to modify the judgment and for a new trial contending the evidence was legally and factually insufficient to support the jury findings that the truck was defective and that the defect proximately caused the collision. The trial court denied HDC's motion.

## Sufficiency of the Evidence

In its sole issue, HDC contends that insufficient evidence supports the jury's negligence findings against it.

### *Standard of Review*

When a party challenges the legal sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof, the party must demonstrate that no evidence supports the finding. *Nguyen v. Hoang*, 507 S.W.3d 360, 370 (Tex. App.—Houston [1st Dist.] 2016, no pet.). "When determining whether legally sufficient evidence supports a jury finding, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not." *4Front Eng'red Sols., Inc. v. Rosales*, 505 S.W.3d 905, 908 (Tex. 2016). "A no evidence

4

point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004). "If the evidence offered to prove a vital fact's existence is so weak as to do no more than create a mere surmise or suspicion, the record contains less than a scintilla." *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018) (citation modified).

"When we review factual sufficiency, we consider and weigh *all* of the evidence and will set aside the verdict only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *City of Keller v. Wilson*, 168 S.W.3d 802, 826 (Tex. 2005). When conducting a factual sufficiency review, we must not substitute our judgment for that of the jury and should "detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias." *Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019) (quoting *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003)) (citation modified).

*Evidence of Negligence*

"To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2005). HDC challenges the sufficiency of the evidence supporting the jury's findings that the truck assigned to Ramirez was defective and that such defect proximately caused the collision. Because it is dispositive, we address only the challenge to the legal and factual sufficiency of the evidence supporting proximate cause.

"Proximate cause consists of (1) cause in fact, and (2) foreseeability." *Windrum*, 581 S.W.3d at 777. "Foreseeability asks, what should reasonably be anticipated in the light of common experience applied to the surrounding circumstances." *Werner Enters., Inc. v. Blake*, — S.W.3d —, No. 23-0493, 2025 WL 2239275, at *8 (Tex. June 27, 2025) (citation modified). Cause in fact "is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred." *Windrum*, 581 S.W.3d at 777. A defendant's act or omission does not need to be the sole cause of an injury, nor the immediate cause of injury, as long as it is a substantial factor in bringing about the injury. *Id.* at 777-78. Although an injury may also have more than one proximate cause, proximate cause "cannot be satisfied by mere conjecture, guess, or speculation." *Id.* at 778. Further, the defendant's negligence is not a substantial

6

factor in bringing about the injury when such negligence is not the active cause of the injury but merely created the condition by which made the injury possible. *Id.*; *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Thus, the ultimate question "is whether, by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred." *Windrum*, 581 S.W.3d at 779.

We review the record to determine whether the evidence shows the defective tire was a substantial factor in bringing about the collision resulting in Benson's injuries and without which her harm would not have occurred.

The following evidence was favorable to the jury's finding that the truck's defective tire proximately caused the collision:

- Ramirez's testimony that he could not stop the truck to avoid the collision because he skidded after he applied the brakes;
- Ramirez's testimony that the front bumper of the driver side of his truck hit the pick-up truck in front of him;
- HDC's safety director's answer to Benson's interrogatory stating that when Ramirez attempted to stop, his wheels locked; and
- HDC's safety director's testimony that it depends on the tire whether a low tire tread means a vehicle may not be able to stop in time.

A reasonable fact finder could not disregard Ramirez's testimony that he steered the truck to the right to avoid the collision. But this evidence does no more than raise a "mere conjecture, guess, or speculation" about whether the condition of the tire was a substantial factor in bringing about the collision. *See Windrum*, 581

7

S.W.3d at 778; *see also Werner Enters.*, 2025 WL 2239275, at \*5. While there was testimony that low tread *might* result in a vehicle not stopping in time, depending on the tire, there was no evidence presented showing that was the case here. The record shows only that the defective tire may have furnished a condition that made the collision possible. There was no evidence for the jury to conclude that without the defective tire, the collision would not have occurred.

Thus, we hold that the evidence is legally insufficient to establish that the defective tire proximately caused the collision resulting in Benson's injuries.

We sustain HDC's sole issue.

## Conclusion

We reverse the judgment of the trial court. We render judgment that Benson take nothing against HDC on her negligence claim.

Clint Morgan
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.